be restored; the costs directed, of course, may not be charged as a disbursement or considered in the fee in the event of a recovery, and the attorney's closing statement should verify this to be the fact *(Schickler v Seifert, supra,* p 817). All concur except Simons and Mahoney, JJ. who dissent and vote to affirm the order in the following memorandum: We dissent from the majority's decision that the Trial Justice abused his discretion in denying the application to restore this action to the Trial Calendar. This cause of action arose in 1966. Suit was commenced in 1967. The case was originally noticed for trial in 1972, not by the plaintiff, but by a defendant. The action was reached for trial in 1974 and was stricken when plaintiff failed to appear or proceed. At the time of plaintiff's first application to restore, this action had been docketed only a few days less than the one-year period. It is the order denying that application which is reversed here. The only affidavit before the trial court on that motion was a one and one-half page statement by plaintiff's attorney which asserted in one brief paragraph, and in the most conclusory and summary fashion, that the action had merit and had been docketed because of the attorney's illness of nine and one-half months. There was no factual support for either of these assertions. Plaintiff was not represented on the return of the motion and the motion was denied by order dated January 18, 1975. None of the averments relied upon in the majority memorandum to support this reversal was before the trial court prior to that order. The information the majority rely upon was submitted to the court upon plaintiff's second and third motions, both of which were decided after the action had been docketed for more than a year. That information should not be considered to reverse the court's order of January 18, 1975. In our judgment, plaintiff's submission falls well short of the requirements of our rules that motions to restore made within one year of docketing must be supported by affidavit "satisfactorily explaining" the docketing of the action and stating meritorious reasons for its restoration (22 NYCRR 1024.13). The majority's reversal of the order involved in the appeal establishes that rule requires little more than a *pro forma* request for restoration and one which may be denied by the Trial Judge only at his peril, else he be held upon appellate review to have abused his discretion. In passing, we note that of the three unsuccessful motions made by plaintiff, it was not until plaintiff's third effort that his submission approached the content and form which a Trial Justice might reasonably expect considering the age of this case, and even this third effort, in our judgment, was deficient in substance (see *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; and see *Chavoustie v Village of Newark* 52 AD2d 1064). The majority apparently view the second and third applications similarly since it bases its decision upon reversal of the first order and less stringent requirements applicable to motions to restore made within the one-year period after the case has been stricken from the Trial Calendar. (Appeal from order of Monroe Supreme Court—restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ,

■  BARBARA L. SESAN, as Executrix of HERMAN SESAN, Deceased, Appellant, v AMERICAN HOME PRODUCTS CORP., et al., Respondents. (Appeal No. 2.) —Appeal dismissed, without costs, as academic. (Appeal from order of Monroe Supreme Court—restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■  BARBARA L. SESAN, as Executrix of HERMAN SESAN, Deceased, Appellant, v AMERICAN HOME PRODUCTS CORP. et al., Respondents. (Appeal No. 3.) —Appeal dismissed, without costs. as academic. (Appeal from order of